**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| TODD B. MCHADDON AND PAMELA S. MCHADDON, | ) | CASE NO. 08-60420 |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | **MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION)** |

Capital One Auto Finance (hereafter "Capital One") filed a motion seeking a determination of its lien interest in a 2001 Dodge Ram Truck. Capital One argues that its lien interest, as noted on a lien replacement certificate of title to the vehicle, is superior to any lien interest of the chapter 7 trustee, Anthony J. DeGirolamo (hereafter "Trustee"). Capital One's motion was filed on December 29, 2009, to which Trustee objected on January 20, 2009. The Court held a hearing on February 2, 2009 and subsequently entered a briefing schedule. Only Capital One filed additional papers. The issue is now before the Court for determination.

The Court's jurisdiction over this case is premised in 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. The Court is authorized to hear and determine this as a core proceeding pursuant to 28 U.S.C. 157(b)(2)(K). Venue in this district and division is proper pursuant to 28 U.S.C. § 1408. The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

**FACTS**

Debtors filed a joint chapter 7 case on February 20, 2008. On Schedule B, they disclosed Debtor Todd B. McHaddon's ownership interest in a 2001 Dodge Ram 2005 pick up truck, valued at $8,000.00. On Schedule D, Debtors listed Capital One Auto Finance as a secured creditor with a lien on the vehicle, holding a claim of $11,000.00. Per the statement of intention, Debtors proposed to retain the collateral and continue to make regular payments.

On April 8, 2009, Trustee conducted the 341 meeting and identified the truck as an asset of the estate. He filed a motion to sell the truck, noting that Capital One had not noted its lien on the title to the vehicle. He provided a copy of the original Ohio Certificate of Title, issued in Delaware County, Ohio, on July 5, 2006. *See* Tr.'s Obj. To M. Of Capital One Auto Finance, Exh. A. Trustee obtained an order granting him authority to sell the truck free and clear of liens and encumbrances on June 16, 2008.

Subsequently, Capital One moved to set aside the order authorizing the sale,

alleging that it held a valid lien against the title as evidenced by the replacement title. Capital One has provided a copy of the replacement lien, issued July 7, 2006, from Stark County, Ohio. *See* M. Determine Sec. of Lien Int. Exh. A. It is undisputed that the lien noted on the replacement certificate of title remains of record and has not been cancelled. The parties entered into an agreed order allowing the sale, but reserved Capital One's right to have its lien interest in the proceeds of the sale determined by the Court.

**ANALYSIS**

There is no argument that Capital One was not entitled to a lien on the vehicle – it's security interest is not challenged. Rather, the parties' argument focuses on the effect of two competing titles: an original title with no lien noted and a replacement title indicating Capital One as the first lien holder. The titles were issued within two days of one another, in separate counties. Trustee argues that the original title controls, while Capital One contends the replacement title is determinative of the parties' interests.

Trustee refers to the replacement title as a duplicate title, but offers no support for this identification. The Court finds that the title presented by Capital One is not a duplicate title. According to Ohio Revised Code § 4505.12, when a duplicate title is issued, the "duplicate copy shall be plainly marked across its face with the word 'duplicate,' and any subsequent purchaser of the motor vehicle in the chain of title originating through the duplicate certificate of title acquires only such rights in the motor vehicle as the original holder of the duplicate certificate of title had." Clearly, this is not a duplicate title. First, a change has been wrought between issuance of the original title and the replacement title: a lien was noted. Second, the replacement title is not marked "duplicate" as prescribed by the statute. Thus, Trustee's reliance on provisions dealing with duplicate titles is misplaced. Consequently, the Court must determine what a "replacement title" is.

The Ohio Revised Code does not recognize "replacement" in its certificate of title form requirements. *See* O.R.C. § 4505.07 (B)(3). The applicable provision states that the title shall bear an "indication that the certificate is an original, memorandum, duplicate, or salvage certificate." Id. A replacement title is not identified or discussed and neither party presented any law or authority relating to replacement titles.

Review of the Ohio Revised Code suggests that what transpired in issuing the replacement title, with the replacement lien, was out of the ordinary. Section 4505.13 covers security interests in motor vehicles. According to that provision,

> [t]he secured party, upon presentation of evidence of a security interest to a clerk of a court of common pleas, together with the certificate of title if a physical certificate of title for the motor vehicle exists, and the fee prescribed by section 4505.09 of the Revised Code, may have a notation of the security interest made. Unless the secured party specifically requests the clerk not to issue a physical certificate of title and instead to issue an electronic certificate of title, the clerk shall issue, over the clerk's signature and seal of office, a new original certi-

> ficate of title from the automated title processing records that indicates the security interest and the date of the security interest.

O.R.C. § 4505.13(B). It appears that generally when a lien is recognized on a title, a new "original" certificate of title is issued. On the present facts, the clerk did not issue a "new original certificate of title," but issued a replacement title with a replacement lien noted. Under the procedure set forth in section 4505.13(B), it appears the secured party would have needed the original title to notate its lien. Trustee pondered how Capital One could have obtained a replacement title when Debtors held the original title and that remains a mystery.

It appears that the issuance of replacement certificates of title may be a practice developed, in some situations, to cure administrative mistakes by county clerk's issuing certificates of title. In the case of Edsall v. Clerk of Williams County Courts, Ms. Edsall purchased a motorcycle and two lienholders were listed. Upon release of the first lien, Ms. Edsall attempted, apparently successfully, to obtain a title free and clear of the second security interest. The court made the following finding of fact: "[o]n May 12, 1999, without Ms. Edsall's knowledge or consent and after realizing the error, the clerk issued a correction replacement title relisting the [second] lien in first position." Edsall v. Clerk of Williams County Courts, 2007 WL 3120795 *1 (Ohio App. 6 Dist. 2007). The relevant similarities between the two cases include issuance of a replacement title without knowledge or surrender of the original title. Although the law of the case is not helpful, the factual parallels provide some indication of at least one circumstance in which a replacement title is issued.

The Court located other situations where replacement titles are issued. First, the Ohio Adminstrative Code provides for the issuance of a replacement title when a VIN plate has been replaced. *See* OAC § 4501:1-11-04. Additionally, it appears that replacement titles are issued when an original title has been rendered null and void following defacement of the original title. The following information was provided on the Tuscarawas County website:

> REPLACEMENT TITLES
>
> If an error is made on the assignment portion of the back of the title, you will need to get the title replaced. Erasures or alterations in the assignment void the title. White-out or any other type of corrective tape cannot be used. You must present the original title at the time the replacement is being applied for.
>
> If there is an error in the information showing on the face of the title, the owner must submit proof of the error and present the original title for replacement. Errors may be in the form of misspellings or transposition of numbers. If the VIN is completely different from what is on the vehicle or watercraft, a title search may be necessary in order to correct

the title.

http://www.co.tuscarawas.oh.us/ClerkofCourts/TitleTransfer.htm. The website for Patricia M. Clancy, Clerk of Courts for Hamilton County, contains the following:

> 4. I made a mistake assigning my title to the buyer. What should I do ? You should go to any Clerk of Courts title office with the Ohio title, your driver's license and $6.00 to request a replacement title. The replacement title can then be assigned correctly and the Deputy Clerk can notarize the seller's signature for an additional $1.00. The seller should keep a copy of the assigned title before giving it to the buyer.

http://www.courtclerk.org/faq.asp?sec-auto#4. Similar information is available from several other county websites, *see, e.g.*, http://www.guernseycounty.org/clerkofcourts/titles.htm; http://www.loraincounty.com/clerk/title.shtml; http://www.cpclerk.co.summit.oh.us/TitleFAQ.asp, as well as at least one state website. *See* http://bmv.ohio.gov/title/titl_info.htm.

The Court finds the import of the above to be the following: a replacement title replaces the existing certificate of title and renders the previous title quiescent. It appears that when a replacement title is issued, it is the result of a defect in the original title which renders the original null and void. As set forth above, the Court can find several reasons a clerk of court may issue a replacement title, including the replacement of a VIN number, an administrative mistake, and spoilation of the original title. Whatever the cause, it is clear that the replacement title becomes the effective title. Thus, the original title presented to Trustee was not the operative title when Debtors commenced this case.

The concern is how Trustee was supposed to know that the title was not operative when presented with the original title? This is especially troubling because, in many situations, it appears that a replacement title issues only upon presentment of the original title. However, the State of Ohio maintains a publicly searchable database of motor vehicle titles. *See* https://www.dps.state.oh.us/atps. Using this database, the Court obtained the document attached as Exhibit A. This document makes the chain of events slightly more clear. On July 5, 2006, an original title was issued in Delaware County.[1] This is the title Trustee references and attempts an upon which he relies. This title was transferred to a duplicate title issued in Stark County on July 7, 2006. The duplicate title was not part of the evidence or record before the Court. The duplicate title was subsequently transferred to a replacement title in Stark County on the same day the duplicate title was issued. If Trustee had utilized this database, it would have been clear that there was a potential issue with the title.

Although the parties have not addressed the duplicate certificate of title issued on July 7, 2006, there is no reason to find its issuance suspect. The procedures for obtaining

---

[1] The first two digits of the title number identify the issuing county. The county codes can be found at http://www.bmv.ohio.gov/county/county_codes.htm.

a duplicate certificate of title are set forth in Ohio Revised Code § 4505.12. The procedures allow a secured party to obtain a duplicate title without possession of the original title. If a duplicate is issued without providing the original title, the statute requires "[i]n the event of the recovery of the original certificate of title by the owner, the owner immediately shall surrender it to the clerk of court for cancellation." Thus, on July 7, 2006, when the duplicate title was issued, the original title was subject to cancellation.

**CONCLUSION**

Since the original title was subject to cancellation, and had been replaced by the replacement certificate of title, the Court finds that Capital One holds a valid and perfected lien in the automobile. Thus, Trustee's interest in the vehicle is subordinate to Capital One.

An order in accordance with this opinion shall be issued immediately.




RUSS KENDIG
U.S. BANKRUPTCY JUDGE

**Service List:**

Anthony J. DeGirolamo
Courtyard Centre, Suite 307
116 Cleveland Ave., N.W.
Canton, OH 44702

Mark R. Lembright
Shapiro & Felty, LLP
1500 W. Third St., Ste 400
Cleveland, OH 44113



# Ohio Department Of Public Safety

## Online Vehicle/Watercraft Title Inquiry



Date: 5/22/2009

Search by Title Number

Search by Identification Number

Search Title by entering **Title Number** Go

E-mail any comments or concerns to Help Support

The title information available from this web page is obtained from Ohio county title offices Title information may not exist in the system and on this web page for titles issued prior to March 1993, because all Ohio county offices were not automated until March 1993 The information contained on this web page reports only detailed information for titles issued in the State of Ohio

By making this information available, the Ohio Department of Public Safety and the Bureau of Motor Vehicles are not certifying that title information is accurate Ohio Revised Code 4505 07 prohibits the filing of false information on title assignments and applications

Ohio Revised Code 4501 27 prohibits the BMV from releasing private owner information

**For further assistance, contact the Title Section by telephone at (614) 752-7671 or email to:** Ask Titles A Question

***Property Information***

| Type: Vehicle | VIN#: 1B7KC23Z41J606175 | Year: 2001 | Make: DODGE | Model: RAM TRUCK 2500 | Body Type: Pickup Truck |
|---|---|---|---|---|---|

***Current Title Information***

| | | | | | |
|---|---|---|---|---|---|
| Title number: 1000242835 | | Title status: Active | Owner name: GUESS MOTORS INC | | Number of owners: 1 |
| Issue date: 04/24/2009 | | Title type: Original | Liens 1: | | Lien 1 cancel date: |
| Control Number: 089440346 | | | Liens 2: | | Lien 2 cancel date: |
| Mileage: 82478 | Mileage brand: Actual | | Brands 1: | Brands 2: | Brands 3: |
| Total Purchase Price: 0 | | Resides in County: 10 | | | |

***History***

| Title Number | Issue Date | Title Type | Title Status | Inactive Reason Type | Mileage | Mileage brand | Mileage justify | Owner Name |
|---|---|---|---|---|---|---|---|---|
| 7602637087 | 07/07/2006 | Replacement | Inactive | Transferred Out of County | 53805 | Actual | | PRIVATE OWNER |
| 7602637080 | 07/07/2006 | Duplicate | Inactive | Transferred to Replacement | 53805 | Actual | | PRIVATE OWNER |
| 2100564826 *** | 07/05/2006 | Original | Inactive | Transferred to Duplicate | 53805 | Actual | | PRIVATE OWNER |
| 2504973326 | 10/04/2001 | Original | Inactive | Transferred Out of County | 21 | Actual | | HUNTINGTON LT |

***Denotes queried title number

